## GALLOWAY vs. LEGAN.

APPEAL from the court of the eighth district.

MATHEWS, J., delivered the opinion of the court. This suit is brought by the curatrix of the estate of P. Galloway, to recover a certain negro woman slave described in her petition, as belonging to the succession of the intestate, and also to obtain from the defendant the value of the services of said slave for the time he has had her in his possession.—Against these claims and pretensions on the part of the plaintiff, he sets up a right to hold the negro and enjoy her services free of any remuneration or hire, on account of the sum of 180 dollars which he lent to the intestate during his life time, and that he is not bound to deliver her over to the owner, until full payment to him of that amount. The cause was submitted to a jury in the court below, who found a verdict for the defendant, and judgment being rendered thereon, the plaintiff appealed.

In an alternative obligation, the choice is with the party promising.

If the services of a slave, given for the use of money, exceed the legal rate of interest, the contract is usurious.

Two bills of exception appear on the record. 1st. To the opinion of the judge *a quo* by which he refused to admit in evidence a

receipt given by the defendant for twelve dollars, to the plaintiff, wherein he promised to credit that amount on a mortgage which he had on the property of P. Galloway, or pay it to the person from whom he received it. 2d. To the charge of the judge to the jury, in which he instructed them, that they might consider the services of the slave mortgaged, as having been estimated by the parties to the contract, to be worth no more than the legal interest of the money lent.

In rejecting the receipt offered to prove payment of the sum specified therein, on the mortgage, we are of opinion, that the judge did not err. The instrument creates, on the part of the receiver of the money, an alternative obligation, in the discharge of which, he has the choice of means, either by crediting the amount on the mortgage of the intestate, or refunding it to the curatrix. To force him in this suit to give credit on the former contract, would deprive him of the choice which he has of right on the last agreement.—See *Pothier on Obligations, nos. 244 and 247.*

We think the judge erred in his charge to the jury, if he meant to convey to them the idea that the estimate made by the

parties to the contract of mortgage of an

equality of value, subsisting between the use
of the money and the services of the slave,
formed so completely and exclusively a
rule for its interpretation, as to exclude the
application of the laws, or municipal regula-
tions of the community ; and that the jury un-
derstood the charge in this manner can scarce-
ly be doubted, if their verdict be viewed
under a comparison with the cause and legal
effects of the contract.    Should borrowers
of money, be considered so conclusively bound
by any estimate which might appear in con-
tracts of loan of the value of the ser-
vices of slaves, or hire of other proper-
ty delivered to the lender in compensation of
interest, and as a security for the principal
debt, the existing laws on the subject of
usury, might become wholly inefficient for the
purposes of their institution, viz. the protec-
tion of the unfortunate, against the griping
avarice and unfeeling selfishness of lenders on
usury.

According to our laws, all contracts, the in-
tention of which is to secure to lenders of
money more than legal interest, or such as
may be lawfully taken by agreement, are void.

East'n. District.
*January* 1826.

GALLOWAY
*vs.*
LEGAN.

Whether that, relied on by the defendant in the present case, be or be not one of those illegal contracts, depends on the real value of the services of the slave which was placed in his possession by the intestate, and has so remained for several years. The establishment of this fact was a fair subject for the introduction of testimonial proof in the court below. Many witnesses were introduced, who varied in their opinions of the value of the services of the slave in question, but the lowest estimate made by them, shows her services to be worth much more than the highest interest tolerated by law, on the sum borrowed by the owner. It is therefore believed, that the verdict of the jury is unsupported either by the law or evidence of the case. In support of the correctness of the present opinion, see the case of *Herman* vs. *Sprigg*, and the authorities therein cited, *Vol.* 3; and also the *Nueva Recopilacion, B. 8. tit.* 6, *law* 4.

In opposition to this doctrine, asssumed by the court, the counsel for the defendant contends, that the contract under which his client holds the slave in dispute, is not a mortgage or hypothecation, but a *vente à remeré*, or sale with the power of redemption. It is seen

that in the investigation of the cause, we have
in conformity with the expressions used in the instrument by the parties, considered it a con-
tract of mortgage; it is perhaps not such, strictly speaking, but partakes more of that species of pledge known to our laws under the denomination of anticresis. It is not a *vente à remeré*, for no clause in the act, seems to contemplate a transfer of property.

The plaintiff having demanded a jury to try the cause ; and as it is a suit in which dama-ges are claimed, this court is of opinion that the most correct judgment which can be given, under the present circumstances of the case, is to remand it for a new trial.

It is therefore ordered, adjudged and de-creed, that the judgment of the district court be avoided, reversed and annulled, and that the cause be sent back to said court to be tried *de novo ;* further the costs of the appeal to be paid by the appellee.

*Hennen* for the plaintiff, *Ripley & Conrad* for the defendant.